ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ELLYN MOSCOWITZ (SBN 129287)
emoscowitz@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
965 Market Street
San Francisco, California  94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
**A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California  95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

*Attorneys for Plaintiffs*

[ADDITIONAL COUNSEL LISTED ON THIRD
CAPTION PAGE]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIMMY HERRERA, an individual, JH DISTRIBUTORS CORPORATION, a California Corporation, BRIAN BOTELHO, an individual, ALL PRO BAKERY DISTRIBUTING INC., a California corporation, CHARLES LARAY DAVIS, an individual, LA RAY DAVIS BREAD INC., a California corporation, KEVIN DENSMORE, an individual, DENSMORE DISTRIBUTION INC., ALEXANDRIA GUYTON, an individual, GUYTON GIRL DISTRIBUTIONS INC., a California corporation, MICHAEL HERNANDEZ, an individual, HERNANDEZ DISTRIBUTION INC., a California Corporation, DAVID MUNOZ, an individual, EARLY BIRD DELIVERY, a California corporation, ANTHONY PORRECA, an individual, BREAD RAXX INC., a California Corporation, FERNANDO RAMIREZ, an | Case No. 2:21-CV-02217-WBS-CKD  **[PROPOSED]** STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION  Complaint filed: September 23, 2021 Case Removed:  December 1, 2021 Trial Date: None |

individual,  SOFT AND SMOOTH DELIVERIES    )
INC., a California Corporation, SYLVIE       )
SERRANO, an individual, SERRANO INC., a      )
California Corporation, ALEJANDRO SOLETA,     )
an individual, ALJAND DISTRIBUTING INC., a    )
California corporation, ANTHONY TAVAREZ,      )
an individual, BIG TIME DISTRIBUTING, a       )
California corporation, FRANCISCO TROVAO,     )
and an individual, THUNDER BREAD INC., a      )
California corporation, HAROLD WILSON, an     )
individual,  and  HAROLD  K  WILSON  III      )
INCORPORATED, a California Corporation;       )
                                              )
            Plaintiffs,                       )
                                              )
        v.                                    )
                                              )
FLOWERS BAKING CO. OF MODESTO, LLC;           )
FLOWERS BAKING CO. OF CALIFORNIA,             )
LLC; FLOWERS BAKING CO. OF STOCKTON,          )
LLC; and DOES 1 through 100, inclusive,       )
                                              )
            Defendants.                       )
                                              )
                                              )
_____      )

1   Frank L. Tobin, CA Bar No. 166344
frank.tobin@ogletree.com

2   Keenan O' Connor, CA Bar No. 311800

3   keenan.oconnor@ogletree.com

4   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

5   4660 La Jolla Village Drive, Suite 900

6   San Diego, CA 92122
Telephone: 858-652-3100

7   Facsimile: 858-652-3101

8

9   ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com

10  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200

11  Los Angeles, CA  90071
Telephone:    213-239-9800

12  Facsimile:    213-239-9045

13  JARED L. PALMER, CA Bar No. 287974
jared.palmer@ogletree.com

14  HEIDI G. KIM, CA Bar No. 306641
heidi.kim@ogletree.com

15  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900

16  San Francisco, CA  94111
Telephone:    415-442-4810

17  Facsimile:    415-442-4870

18  Attorneys for Defendants
FLOWERS BAKING CO. OF MODESTO, LLC,

19  FLOWERS BAKING CO. OF CALIFORNIA, LLC, and
FLOWERS BAKING CO. OF STOCKTON, LLC

20

21

22

23

24

25

26

27

28

1        This Stipulation Regarding Confidential Information ("Stipulation") is made by and

2   between Plaintiffs Jimmy Herrera, JH Distributors Corporation, Brian Botelho, All Pro Bakery

3   Distributing Inc., Charles LaRay Davis, LA Ray Davis, Inc., Kevin Densmore, Densmore

4   Distribution Inc., Alexandria Guyton, Guyton Girl Distributions Inc., Michael Hernandez,

5   Hernandez Distribution Inc., David Munoz, Early Bird Delivery, Anthony Porreca, Bread Raxx

6   Inc., Fernando Ramirez, Soft and Smooth Deliveries Inc., Sylvie Serrano, Serrano Inc., Alejandro

7   Soleta, Aljand Distributing Inc., Anthony Tavarez, Big Time Distributing, Francisco Trovao,

8   Thunder Bread Inc., Harold Wilson, and Harold K. Wilson III Incorporated (collectively,

9   "Plaintiffs") and Defendants Flowers Baking Co. of Modesto, LLC,  Flowers Baking Co. of

10   California, LLC, and Flowers Baking Co. of Stockton, LLC (collectively "Defendants"), through

11   their respective counsel of record.

## 1.  PURPOSES AND LIMITATIONS

13        Disclosure and discovery activity in this action are likely to involve production of

14   confidential, proprietary, or private information for which special protection from public

15   disclosure and from use for any purpose other than prosecuting this action may be warranted,

16   including, but not limited to: (1) proprietary procedures, manuals, and policies; (2) proprietary

17   and confidential operations information, including sales and marketing information, profit

18   information, manufacturing processes, sensitive product information, price information, and

19   customer lists; (3) internal business or financial information; (4) confidential scientific and

20   technical designs, formulations, and information; (5) personnel files of non-parties; (6) private

21   information of Plaintiffs (and their spouses or partners) and individuals (and their spouses or

22   partners) who were employed by or engaged by Defendants or another entity, including tax

23   filings and related documents, financial statements, and medical records; (7) trade secrets; and

24   (8)  any other similar proprietary, confidential, and/or private information.

25        Good cause exists to protect the good faith designation of each of the categories of

26   documents identified above, as prejudice or harm to Plaintiffs and/or Defendants and/or to

27   one or more third parties may result if no protective order is granted.  In particular, business

28   competitors of Defendants could obtain an unfair advantage, Defendants could be

economically prejudiced, and the privacy rights of Plaintiffs and Defendants' current and/or former employees or contractors could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order.   The purpose of this Stipulated Protective Order is to protect any legitimately designated confidential business, employee, and privacy-protected information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.   <u>DEFINITIONS</u>**

2.1   <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under the provisions of Paragraph 1, above.

2.3   <u>"CONFIDENTIAL – FOR COUNSEL ONLY" Information or Items</u>: "CONFIDENTIAL" Information or Items, as that term is defined above, that is extremely sensitive, the disclosure of which to Plaintiffs or Defendants in this action or to a nonparty would create a substantial risk of serious injury that cannot be avoided by less restrictive means. The Parties agree that CONFIDENTIAL – FOR COUNSEL ONLY Information or Items shall be for "Attorneys' Eyes Only" and, accordingly, disclosed to and reviewed only by Plaintiffs' or Defendants' attorneys of record who have appeared on behalf of Plaintiffs or

1   Defendants as of the date of this Order.  A Party may announce additional attorneys of record

2   on the party's behalf by providing the other party with notice of the same.

3       2.4   "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY"

4   Information or Items:   "CONFIDENTIAL" Information or Items, as that term is defined

5   above, that is extremely sensitive, and the protection of which is not adequately addressed by

6   the CONFIDENTIAL – FOR COUNSEL ONLY designation and the disclosure of which to

7   Plaintiffs or Defendants or third parties including experts in this action or to a nonparty would

8   create a substantial risk of serious injury that cannot be avoided by less restrictive means. The

9   Parties agree that CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY

10  Information or Items shall be for "COUNSEL OF RECORD eyes only" and, accordingly,

11  disclosed to and reviewed only by Plaintiffs' or Defendants' attorneys of record who have

12  appeared on behalf of Plaintiffs or Defendants as of the date of this Order.  A Party may

13  announce additional attorneys of record on the party's behalf by providing the other party

14  with notice of the same.   Such additional attorneys of records will have to sign the

15  "Acknowledgment and Agreement to Be Bound" (attached hereto as "**Exhibit A**") before

16  receiving any information designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF

17  RECORD ONLY."

18      2.5   Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel

19  (as well as their support staff).

20      2.6   Designating Party:  a Party or Non-Party that designates information or items

21  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL",

22  "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE

23  COUNSEL OF RECORD ONLY."

24      2.7   Disclosure or Discovery Material:  all items or information, regardless of the

25  medium or manner in which it is generated, stored, or maintained (including, among other

26  things, testimony, transcripts, and tangible things), that are produced or generated in

27  disclosures or responses to discovery in this matter.

28

2.8   <u>Expert:</u>   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9   <u>In-House Counsel:</u>  attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record:</u>  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   <u>Party:</u>  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Plaintiffs:</u>  the named Plaintiffs in this litigation.

2.14   <u>Producing Party:</u>  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors:</u>   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY."

2.17   <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery Material from a Producing Party.

### 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, arbitrations, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. ~~The Court retains jurisdiction over the parties for enforcement of the provisions of this Order following the conclusion of this action.~~

### 5.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations.</u>   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY"  to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL –

FOR OUTSIDE COUNSEL OF RECORD ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; alternatively, in the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by written notice to opposing counsel.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention.</u> Any motion to compel will comply with Local Rule 251 and any other applicable rule or guideline by the Court or Magistrate Judge.

**7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the Receiving Party and any officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   the Designating Party and any officers, directors, managers, and employees of the Designating Party;

(d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   the Court and its personnel;

(f)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)     any person who previously was an officer, director, manager, employee or agent of an entity that previously had access to the information, document, and/or item that has been designated "CONFIDENTIAL" to whom disclosure is reasonably necessary for this litigation.

7.3    <u>Disclosure of "CONFIDENTIAL – FOR COUNSEL ONLY" Information or Items</u>. No Protected Material designated "CONFIDENTIAL – FOR COUNSEL ONLY" shall be disclosed by anyone receiving such information to anyone other than those persons designated herein and in no event shall Protected Material be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(a)    Protected Material designated "CONFIDENTIAL – FOR COUNSEL ONLY" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(1)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(2)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(3)    the Court and its personnel; and

(4)    any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Protected Material prior to the intended disclosure in this action.

(b)    Before any person described in Paragraph 7.3(a)(1), (2), or (4) receives or is shown any document or information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY," such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the "Acknowledgment and Agreement to Be Bound" (Exhibit

A), to be bound by the terms hereof.  The original of each such Acknowledgment and Agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request.  Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any CONFIDENTIAL – FOR COUNSEL ONLY information.

(c)     Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in Paragraph 7.3(b), above, or to prevent disclosure of CONFIDENTIAL – FOR COUNSEL ONLY information, by the party producing and designating such Protected Material, or by any employee of such party.

(d)     The substance or content of CONFIDENTIAL – FOR COUNSEL ONLY information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs 7.3(a), above.

7.4     <u>Disclosure of "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY" Information or Items</u>. No Protected Material designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY" shall be disclosed by anyone receiving such information to anyone other than those persons designated herein and in no event shall Protected Material be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(a)     Protected Material designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(1)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(2)     any person whom the Parties' Outside Counsel of Record agree that can receive specific CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD

ONLY Protected Material or that the Court orders (after appropriate notice to all interested persons) can receive specific CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY Protected Material;

(3) the Court and its personnel; and

(4) any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Protected Material prior to the intended disclosure in this action.

(b)      Before any person described in Paragraph 7.4(a)(1), (2) or (4) receives or is shown any document or information which has been designated as "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY," such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to be bound by the terms hereof.  The original of each such Acknowledgment and Agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request.  Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any specific CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY Protected Material information.

(c)      Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in Paragraph 7.4(b), above, or to prevent disclosure of specific CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY Protected Material information, by the party producing and designating such Protected Material, or by any employee of such party.

(d)      The substance or content of specific CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY Protected Material information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs 7.4(a), above.

**8.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL,""CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL OF RECORD ONLY." Such

information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized

copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Further, no party shall be held to have waived any right or legally-cognizable privilege or evidentiary protection by such inadvertent production. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rules 140 and 141.  Protected

Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

**13.    USING PROTECTED MATERIAL AT TRIAL**

Not later than the deadline for filing pretrial disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the Parties shall meet and confer regarding the procedures for use of Protected Material at trial for the Parties not subject to an arbitration agreement and shall move the Court for entry of an appropriate order.  In the event that the Parties cannot agree upon the procedures for use of Protected Material at trial, each Party shall include a notation in its pretrial disclosures that the intended disclosure contains Protected Material.  The Parties may object to the Disclosure of Protected Material pursuant to Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure, and the Court shall resolve any outstanding disputes over such Disclosure.

For Parties subject to an arbitration agreement, the Parties shall meet and confer regarding the procedures for use of Protected Material at arbitration and shall move the Arbitrator for an appropriate order pursuant to the applicable arbitration rules.

**14.    FINAL DISPOSITION**

Within 90 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

1  exhibits, expert reports, attorney work product, and consultant and expert work product, even
2  if such materials contain Protected Material.   Any such archival copies that contain or
3  constitute Protected Material remain subject to this Protective Order as set forth in Section 4
4  (DURATION).

5  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6  DATED:  May 8, 2023                     **OGLETREE, DEAKINS, NASH SMOAK**
7                                          **& STEWART, P.C.**

8

9                                          By: /s/ *Keenan O'Connor*
10                                              Frank L. Tobin
                                                Keenan O'Connor
11                                              Alexander M. Chemers
                                                Jared L. Palmer
12                                              Heidi G. Kim
                                                Attorneys for Defendants
13

14  DATED: May 8, 2023                     **KELLER GROVER LLP**

15

16                                         By: /s/ *Robert Spencer*
                                               Eric A. Grover
17                                             Ellyn Moscowitz
                                               Robert Spencer
18                                             Attorneys for Plaintiffs

19                            **SIGNATURE ATTESTATION**

20  I attest that I have obtained concurrence in the filing of this document from the other signatories.

21  DATED: May 8, 2023                     **KELLER GROVER LLP**

22

23                                         By: /s/ *Robert Spencer*
                                               Eric A. Grover
24                                             Ellyn Moscowitz
                                               Robert Spencer
25                                             Attorneys for Plaintiffs

26

27

28

1

**ORDER**

2          The protective order is approved with a modification. The court will not retain

3    jurisdiction over the parties for enforcement of the provisions of this Order following the

4    conclusion of this action. Such provision herein is stricken.

5    **OTHERWISE, PURSUANT TO STIPULATION, IT IS SO ORDERED.**

6    Dated:  May 12, 2023

7    _____

8    CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

9

10

11   8
     herr21cv2217.po

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Herrera, et al. v. Flowers Baking Co. of Modesto, LLC*, *et al.*, E.D. Cal. Case No. 2:21-CV-02217-WBS-CKD I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____